

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0423-23

### DARYL JOE, Appellant

### v.

### THE STATE OF TEXAS

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE THIRTEENTH COURT OF APPEALS NAVARRO COUNTY

**PARKER, J., filed a concurring opinion in which FINLEY, J., joined.**

<u>CONCURRING OPINION</u>

I join the Court's opinion but write separately to respond to one claim made by Judge Yeary's dissent and strongly implied by Judge Keel's dissent. That claim is that *Lang*[1] held that the retail-theft statute does not apply to the lone shoplifter. I do not read *Lang*'s construction of the retail-theft statute to be that narrow. Lang said,

---

[1] *Lang v. State*, 561 S.W.3d 174, 181 (Tex. Crim. App. 2018).

"[T]his statute does not apply to the conduct of an *ordinary* shoplifter acting alone."[2]

"Ordinary" is an important word. *Lang* does not preclude a retail-theft conviction for a lone shoplifter if the shoplifter engages in an activity in addition to the theft,[3] such as advertising the stolen goods for sale on the internet.

Filed: November 20, 2025
Publish

---

[2] *Id.* at 176 (emphasis added).

[3] *Id.* at 183 ("As we have explained above, the statute requires proof of some activity undertaken with respect to stolen retail merchandise that goes beyond the conduct inherent in ordinary shoplifting.").